Good morning. May it please the court. My name is Laura Crank. I'm here on behalf of the appellant, James Wright. This is a social security disability case. I'd like to reserve two minutes for rebuttal, if I may. There's three issues in this case. One is whether the LJ provided clear and convincing reasons to reject a subjective testimony, whether he provided any reason to reject the third-party testimony, and if he provided specific and legitimate reasons for rejecting the opinion of the examining doctor. I'd like to first address the third-party testimony issue. I think it's the most important issue in this case. Because Mr. Wright has borderline intellectual functioning and he has a limited ability to testify on his behalf, the testimony of his grandfather was compelling, very important in this case. His grandfather testified that he What specific language can you point to in the ALJ's decision that indicates that Wright's grandfather was not considered credible, as opposed to simply regarding the grandfather's testimony as not important? Because the grandfather testified that he could, that James could not perform simple tasks, simple one-step tasks without repeated reminders. And the ALJ did not find that Mr. Wright could perform, was limited in that severity. But did the ALJ say anywhere, I don't find Mr. Wright's grandfather, I, you know, I'm making an adverse credibility, I don't believe him? Well, it's implicit because he didn't, he didn't credit as true his testimony. And this case is almost on all fours with Stout, the decision last year on the third-party testimony, which you, when you're dealing with someone that's limited to simple instructions and has a limited stress ability, it's very important to deal, to give proper weight to testimony from people that have interacted with the claimant on a regular basis, versus just basing it on a one-step task. On a one-time examining doctor or on their ability to perform tasks in a supportive environment. And in this case, the only testimony that we have, I mean, the most compelling testimony we have is this testimony from his grandfather that says he can't, he can't water the trees without me reminding him, he can't take out the trash, he doesn't take showers, he doesn't clean himself, he's never been able to get, he's never had a job, he was only able to make it through 21 days of high school before he couldn't continue because he couldn't deal with the stress. The judge was going to reject this testimony. He had to say why. He had to give some reason why, because Social Security ruling 969P says that this is the most important testimony that you can get when you're doing this. Kennedy, you answered the same question regarding the subjective symptoms the plaintiff testified to. I think that it is, that James also testified that he can't perform simple tasks without repeated reminders.  Is there any indication on the plaintiff's subjective symptoms? It's non-existent. It's not in the record, it's not in the decision at all. There is no, and so just, I mean, on that, that's just, that's error, he failed the legal test on that completely. There's a common theme in all three of these issues, and that's the ALJ failed to complete, to satisfy the legal test. This isn't a substantial evidence issue, although I can defend it on a substantial evidence issue. It's a legal test issue, and that's that he didn't offer any reason to reject the testimony of the grandfather. He didn't offer any reason to reject James Wright's testimony. And the examining physician said that James Wright did not have, could not deal with the usual stressors of employment. And then when it came, when it came to the hypothetical he gave to the vocational expert, he changed the meaning of that. And he said, I want you to assume an individual. Well, okay. I think, I think, I understand where you're coming from, but I think your strongest argument would be, and that I'm going to ask the other side to respond, is, and the ALJ said, the undersigned finds the claimant's allegations regarding his limitations are not totally credible for the reasons set forth in the body of the decision. Is that a sufficient finding of adverse credibility and explanation? No, because this court has. Okay. Well, that's, you know, just state what your reasons are. It's not because the judge did not find that he, there's no evidence of malingering in this case. And so he would, the judge had to provide clear, convincing reasons in a narrative report stating why he wasn't believable. And so if he doesn't do that, then we have to credit as true what his testimony was and what the grandfather's testimony was. And we have to, the court has to have some way to review that the judge didn't arbitrarily reject his subjective testimony, that the judge didn't say, well, the, I think that the medical reports say that he can do this, so that's what I'm going to credit. I don't, you know, I'm just going to ignore what his subjective testimony was. And he can't do that. That's the law. So your argument, as I understand it, is by just reverting to the body of the report and not being more specific, that doesn't adequately support an adverse credibility finding. Therefore, your client should be presumed to be credible. And that being the case, there's just not an explanation, right? I, on that point, yes, I do agree. And even more so that the body of, in the body of decision when he goes over the medical evidence and he outlines the medical evidence, he picks and chooses the evidence and he isolates the record and only says, writes down most of the things that Mr. Wright is capable of, like preparing a simple meal in the microwave, and that he has some friends. He doesn't talk about how James Wright says that he explodes when somebody gives him even simple direction or that he can't remember to do simple things, that he doesn't know how to cook a full meal for himself, that he doesn't shower. He doesn't say any of those things. He doesn't say that when he's reviewing the record that the first assessment says that he can only do simple work with repeated reminders. And so he's isolating the record. So no, it's not sufficient if the ALJ just recites certain things in the record without saying why this person's not credible, because then that's just saying that the objective evidence doesn't support the limitations alleged. And that's, that goes against the subjective pain analysis. All subjective pain, all excess pain analysis are not supported by the objective evidence. Otherwise, it wouldn't be an excess pain. So it's insufficient to just detail some of the findings in the record without saying why this person, does this person have a propensity to exaggerate, does this person, you know, have, does this person lie, does this person have, you know, other some type of inconsistencies in the record. You have to point to those things, not just say that there's objective evidence. But in this case, he didn't really even do that because he didn't do, he didn't provide any subjective pain analysis. About the condition in Dr. Roman's testimony about can't stand the usual stress of competitive work. Did that, is that a condition that would prevent him from work, prevent. Yes, because if you can't deal with. Well, if you can't, well, that's, first of all, Your Honor, that's a substantial evidence argument, which is not really, the argument here is whether the judge provided, satisfied the legal test. But on the substantial evidence aspect of that, the usual stresses of work are getting to work, showing up to work on time, being able to complete your work. It's a combination of many things. It's not highly competitive. Competitive work. And the, I think the government's response to that is, there you're talking about a job where, for instance, there were quotas or you had to meet certain sales requirements. Competitive work, all work doesn't feel like it's competitive. Is that right? No, it's not right, Your Honor, because that's not what the regulations and that's not what the Ninth Circuit says and that's not what the Social Security rulings say. The rulings say competitive work can be the jobs that they identify, simple reasoning level one jobs. The authority in your brief that says that? That that's the way competitive work is defined? I believe there is, Your Honor. And I think that it's in. Why don't you research the balance of your time and find where it is in your brief so we can come up on rebuttal. Thank you. Good morning. Good morning. My name is John Custer. I represent the Commissioner of Social Security. My biggest concern is that, I mean, Ninth Circuit precedent is clear, and I think that you concede this in your brief, that the ALJ must give specific convincing reasons for discrediting an applicant's testimony. And what the ALJ did here is that it says it's that, let me see, the undersigned finds the claimant's allegations regarding the limitations are not totally credible for the reasons set forth in the body of the decision. How do those satisfy that test? We rest our case primarily on Magalena's v. Bowen, which says that ALJs don't have to use magic words. I think the Court can reasonably infer that the conflict between the medical opinions, which consider all of the subjective statements, all the subjective limitations that the claimant has, and which nonetheless find that the claimant is able to perform simple repetitive tasks. The ALJ's summary of those opinions weighed against the claimant's own statements. Does the ALJ's decision indicate that he or she is relying on that proposition and not considering that testimony? Let me make sure that I understand. That is the contradictory evidence you're citing here. Does the ALJ say that's the reason I didn't believe the grandfather or the plaintiff? No, the decision does not say that. I think the Court has to infer that that was what the ALJ was thinking. All right. Thank you. Again, to repeat. Do you think that the hypothetical cases were correctly reflected the situation of the plaintiff? Certainly the first hypothetical question, the one that the ALJ based its decision on, was supported by medical evidence. The second hypothetical question, I think the Court can infer from the way the ALJ rephrased Dr. Roman's last sentence, the one about usual stresses of work, that the ALJ really didn't think Dr. Roman meant that. That one last sentence contradicted everything that Dr. Roman stated before that. The district court found that that was an anomalous statement, and I think this Court should also find it anomalous and not supported by substantial evidence. As opposing counsel stated the first hypothetical, the ALJ left out this thing about stress. That's correct, Your Honor. That opinion, I believe, was derived from the second of the State agency's reviewers, Dr. Luce. How could the hypothetical be deemed accurate to accurately present the plaintiff's situation, if you let that out? Well, the ALJ had two possible ways of phrasing that question, and I believe he employed both of them. Both opinions, Dr. Luce's, which was the basis for the first question, and Dr. Roman's, which was the basis for the second question, both of those constitute substantial evidence. And the ALJ chose to adopt, as far as residual functional capacity goes, the opinion of Dr. Luce. But there's no significant difference between Dr. Luce's opinion and Dr. Roman's opinion, except for that one sentence. Well, this individual does not seem like he's very high-functioning, I mean, from everything that's in the record. So, you know, why wouldn't it be more important to know why the ALJ didn't believe him? I mean, what about what he said didn't he believe? Well, the ALJ, I believe, acknowledges that the claimant is not a high-functioning individual, and that certainly all the medical doctors who looked at this case, or I should say the doctors and psychologists, but all of them also noted that the claimant is not functioning at a very high level. Now, the question is, if all of the claimant's subjective statements were accepted as true, we could decide. Well, I guess that it would be important to know why the ALJ didn't believe, you know, he said he didn't believe him, he makes an adverse credibility as in the body, but I can't tell why he didn't believe the petitioner's account of what he couldn't do, or the plaintiff's account. I mean, what about the way that he said it? I mean, he lives in his body every day. His grandfather sees him every day. These people do see him for a short visit. So, you know, it's important, you know, why isn't his account believable? I believe the district court accurately assessed this dilemma and noted that the doctors had all heard these statements before, but the doctors nonetheless thought he could do simple repetitive tasks. The claimant and the claimant's grandfather assert that he's unable to work because he doesn't do things. But he said he couldn't, and maybe a person, you know, obviously what his mother's dead and his father took off and all of that, and so he never, you know, you can assess his functioning level on some way, but he didn't have, you know, say if he had had, you know, and I don't want to make this, it's not right to make this, but if he had had parents that maybe had been more supportive and gotten him to the schools that he needed to all of that time, you know, he may have very well been able to be more mainstream. But you sort of take the person as you get them, and the person, the grandfather, who seems to be a person that, you know, took him in, bless his heart, and is trying to, but, you know, I mean, what you see through all of this is the grandfather's concern. You know, how's this young man going to make it when I die? Because he's never been able to do anything. And that's certainly a valid concern, but that's not a basis for finding the claimant disabled. Well, but the grandfather basically testifies in a way that he is disabled. He can't do any of the things that the doctors are saying, and we don't know really how the ALJ weighed all that, or why the ALJ didn't believe the plaintiff's report of what he could or couldn't do. I think what the grandfather and the claimant himself are saying is as much that he doesn't do these things as that he cannot do them. And what the doctors concluded from having examined him and from having administered batteries of objective tests is that the claimant could do these things, he just doesn't. And Dr. Roman's opinion was ambiguous, where he says he can work, but he can't stand the stress of competitive work. And he doesn't merely say that he can work, but he spells out in several sentences exactly what things that the claimant can do. And as opposing counsel noted, inability to withstand stresses contradicts the ability to do all of those things that Dr. Roman said that he could do. The opinion ambiguous where the ALJ should have probed into that and resolved it? Well, I believe the ALJ did resolve it, but unfortunately didn't provide us with an explanation. But again, returning to Magellana's, he's not required to use magic words. It can be inferred from the record what it was that the ALJ accepted as opinion evidence supported by substantial medical findings. I had one other question, and that is the vocational experts' listings don't seem to match the plaintiff's situation. Is that right? I'm not sure what you're referring to. Bill, reading, writing, mathematics, those listings that were matched up to the plaintiff by the vocational expert, if he can't do those things, he can't match those listings. Is that right? I think you're referring to mathematical ability and ability to read or write. Because what level does the vocational expert put him at? A level one? I believe that the submissions by opposing counsel show that those are level one. All right. But is he even a level one, or is he a level zero? There is no lower level, I believe. Certainly all of the doctors who saw him were aware of these mathematical deficiencies of the claimant's alleged literacy, because he apparently can read, but he can't write, but he can sign his name. Certainly his educational attainment and functioning is very low. But the ALJ promptly posed a hypothetical to the vocational expert specifying that he had an eighth-grade education. The VE was aware of the claimant's deficiencies. And the jobs that the VE testified the claimant can do don't require very much in the way of reading or writing or mathematical ability. These are basic manual labor. All right. Do you want to wrap up your thoughts, because you're running out of time? Again, I submit that the Court should affirm the administrative law judge's decision and follow the reasoning of the district court. Thank you very much. Thank you. All right. Did you find your cite in your brief? Yes, I did. It's on page 10, and it cites to Social Security ruling 969P, which shows that Social Security, in the context of Social Security, they consider competitive employment merely means a job that's obtained in the open marketplace without special accommodations made by the employer, where I'm sure that Your Honors would agree that a highly competitive job that has lots of quotas would be hard for many people to deal with, not somebody, not just somebody that's in, that has borderline intellectual functioning and is illiterate and has problems dealing with stress. I'd also like to point out again that the holding in stout, which is the rule of law, is that when the judge does not, when the ALJ does not provide the reasons for rejecting the late testimony, excuse me, that the Court has to credit that testimony as true and then conclude that when fully crediting that testimony that no reasonable ALJ could have come to a different conclusion. Now, clearly, a reasonable ALJ could have, if they credited the grandfather's testimony as true and Mr. Wright's testimony as true, and especially if he was following the regulations, which state that you have to carefully examine, you have to use extreme care when you're giving weight to what a person did in a one-time examination versus what they do in their daily life. If a reasonable ALJ considered that, they clearly could have credited as true what the grandfather and what James Wright said. And so we have your arguments well in mind in your time set. Thank you, Your Honor. Thank you. Thank you both for your argument, and this matter is now submitted.
judges: Fisher, Callahan,reed